ST. DUNSTAN SOCIETY v. PICARD.

(Supreme Court, Appellate Term.  April 8, 1909.)

1. EVIDENCE (§ 441*)—PAROL EVIDENCE AFFECTING WRITINGS—SALE OF BOOKS.
   Where a contract of sale of books is in writing and unambiguous, evidence of conversations, prior to the signing of the contract, in which the seller agreed to deliver more books than provided for in the contract, is inadmissible.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2030–2047; Dec. Dig. § 441.*]

2. SALES (§ 179*)—DAMAGED CONDITION—WAIVER.
   Where the possession of books sold has been retained for a year, and a part of the price paid, the buyer cannot refuse to pay the balance on the ground that the books were in a damaged condition when delivered.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 460–461; Dec. Dig. § 179.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the St. Dunstan Society against Alfred J. Picard. Judgment for defendant, and plaintiff appeals. Reversed, and a new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Wilbur, Norman & Kahn, for appellant.

Samuel S. Slater, for respondent.

SEABURY, J.  Plaintiff sued to recover the purchase price of a set of the "Memoirs and Secret Chronicles of the Courts of Europe" and a set of 15 volumes of the works of Du Maupausant. These books were sold to the defendant at the agreed price of $99. The books were delivered to the defendant, who paid $35 upon the amount due, and, after having kept them for a year, refused to pay the balance due under the contract, upon the ground that when they were delivered to him they were in a damaged condition.

The contract under which the books were sold was in writing, and the court below erred in receiving evidence of certain alleged conversations, prior to the signing of the contract, in which the agent of the plaintiff is alleged to have agreed to deliver to the defendant more books than are provided for in the contract. The contract was clear and unambiguous, and there was no justification for the reception of this parol evidence.

---

The defendant, having retained possession of the books for a period of one year, and having paid part of the purchase price during that time, was not in a position to refuse to pay the balance upon the ground that they were in a damaged condition at the time of their delivery to him.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.